NIMMONS, Judge.
Raske appeals from an order of the Circuit Court of Leon County denying his petition for writ of habeas corpus. We affirm the order although not for the reason stated in the order.
From the petition and copies of judgments attached thereto, it appears: (1) that, pursuant to guilty pleas, Raske was adjudicated guilty on June 10, 1983 in the Broward County Circuit Court in each of three cases of robbery with the use of a firearm, a violation of Section 812.13(1), (2)(a), Florida Statutes; (2) that Raske was sentenced in each case to a term of 25 years (concurrently with each other), the sentencing court also imposing the requirements of Section 775.087(2), Florida Statutes, precluding eligibility for parole or statutory gain time during the first three years of the sentences.
Although each judgment clearly shows that the crime for which Raske was adjudicated and sentenced was robbery with a firearm under Section 812.13(1), (2)(a), which is clearly a first degree felony punishable by a maximum term of life imprisonment, the judgment erroneously bears the notation “LF,” indicating life felony. Consequently, according to Raske’s petition, his sentences were imposed illegally and he is entitled to have his sentences vacated and to be resentenced under the sentencing guidelines which had not yet taken effect when he was originally sentenced in June, 1983.
We hold that Raske’s petition fails to state grounds supporting habeas corpus. The above referred erroneous notation of *868 LF on the judgments does not render the judgments or sentences void or voidable. The operative portions of each judgment clearly show the specific crime which was adjudicated and that such crime, is, as a matter of law, a first degree felony punishable by a maximum of life imprisonment. Moreover, it is apparent that the sentences imposed were not for life felonies because, under Section 775.082(3)(a), Florida Statutes, a life felony requires a minimum mandatory sentence of 30 years. Raske’s sentence in each case, as above noted, was only 25 years.
The fact that the court below denied Raske’s petition on the erroneous ground that “robbery with a deadly weapon is a life felony pursuant to F.S. 812.13(1), (2)(a)” does not entitle Raske to habeas relief inasmuch as the order is otherwise sustainable as indicated above.
AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.